UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONELL FREEMAN, | Civil Action No. 17-2713-BRM-TJB |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| MONMOUTH COUNTY CORRECTIONAL INSTITUTION COMMISSARY, et al., | |
| Defendants. | |

Before this Court are Plaintiff Donell Freeman's ("Plaintiff") complaint asserting claims pursuant to 42 U.S.C. § 1983 (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 1-1). Plaintiff is a prisoner currently[1] confined in the Monmouth County Correctional Institution. (ECF No. 1 at 4.) For the reasons set forth below, Plaintiff's application to proceed *in forma pauperis* is **DENIED** without prejudice.

The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, stating the prisoner is unable to pay the filing fee for the complaint. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his

---

[1] Plaintiff indicated he was an inmate at the time he filed the complaint. (ECF No. 1 at 4.) However, the mail sent to the Monmouth County Correctional Institutional address and inmate number provided by Plaintiff was returned undeliverable. Pursuant to Loc.Civ.R. 10.1, Plaintiff must provide this Court with any change in address within seven (7) days of such change. Nevertheless, the clerk's office will attempt delivery of this opinion and accompanying order to the address provided by Plaintiff.

inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. If *in forma pauperis* status is denied, a prisoner must pay the full $400, including the $350 filing fee and $50 administrative fee, before his complaint will be filed. If the prisoner is granted *in forma pauperis* status, he will only be assessed the $350 filing fee and will not be responsible for the $50 administrative fee. The full amount of the $350 filing fee is paid pursuant to 28 U.S.C. § 1915(b) as follows: In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

In this action, Plaintiff failed to submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a)(1) and (2). Although Plaintiff provided an affidavit of indigence accompanied by a copy of his institutional account statement, Plaintiff's account statement has not been certified by the appropriate official at the Monmouth County Correctional institution as required by § 1915(a)(2). Accordingly, Petitioner has failed to provide a complete *in forma pauperis* application, and his application is denied without prejudice.

Dated: May 9, 2017

                                                   */s/Brian R. Martinotti*
                                                 **HON. BRIAN R. MARTINOTTI**
                                                 **UNITED STATES DISTRICT JUDGE**